961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert SWENSON, Defendant-Appellant.
 No. 91-8063.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Robert Swenson appeals his conviction after trial by jury of six violations of 21 U.S.C. § 843(a)(3). On appeal, Swenson contends that the actions of the United States Attorney at trial impermissibly prejudiced the jury's verdict. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Swenson asserts that the prosecutor's suggestion to the jury that Swenson was actually procuring drugs for sale or for distribution amounted to prosecutorial misconduct that could not be cured by a cautionary instruction. During the trial, the prosecution attempted to introduce evidence that there is a black market for the drug dilaudid. After a few questions were asked, the defense objected and the objection was sustained. Swenson argues that the district court's cautionary instruction--that the defendant was not charged with having sold drugs on the black market or with possessing drugs for the purpose of resale or distribution--did not cure the prejudice he suffered.
 
 
 4
 In United States v. Lonedog, 929 F.2d 568 (10th Cir.), cert. denied, 112 S.Ct. 164 (1991), we held that an inappropriate question did not warrant reversal of a conviction after a cautionary instruction was given. We found no reason to believe that the jury would not follow the district court's instruction. Id. at 574. In this case, we also can find no reason to believe that the jury did not follow the district court's cautionary instruction. Thus, the question did not impermissibly prejudice Swenson's trial.
 
 
 5
 Swenson also argues that the prosecutor, in his closing argument, raised an obvious inference that the drug was obtained for sale or distribution when he stated, "I suggest that Mr. Swenson here is attempting to use the injury to obtain more dilaudid than he really necessarily has to have." After reviewing the record, we conclude that this statement was not designed to insinuate that the defendant was a drug dealer. Rather, we agree with the government that this statement implied that the defendant did not honestly consult with physicians to obtain dilaudid because he was attempting to over-medicate himself.
 
 
 6
 Swenson also contends that the prosecution attempted to create an inference that he was engaged in selling dilaudid on the black market by trying to show that he was not employed legitimately. The record reveals that the prosecutor's questioning was wholly justified in trying to point out inconsistencies in the defendant's story and that the defendant misled various physicians about his employment in order to obtain additional dilaudid. We find no evidence in the record that the prosecutor tried to use this type of questioning to establish that the defendant was a drug dealer.
 
 
 7
 Finally, at the end of appellant's brief, counsel notes that the defendant would like to raise a number of other issues on appeal that his counsel believes do not merit briefing. The Supreme Court has held that counsel has discretion to choose the issues that are raised on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Counsel chose to appeal only the issue of prosecutorial misconduct during the trial. Therefore, we conclude that these other issues are not properly before us on appeal and should not be addressed.
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3